**13 CIV 8375**

HMK/mb TY8239



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

THYSSENKRUPP MATERIALS NA, INC.

                Plaintiff,

        -against-

M/V DK INITIO, her engines, boilers,
tackle, etc., DALIAN GIANT INTERNATIONAL
SHIPPING CO., LTD., DALIAN SUNTIME
INTERNATIONAL TRANSPORTATION CO., LTD,
HANJOO MARITIME CO LTD, DKC SA

                Defendants.
----------------------------------------------------------------X

**VERIFIED COMPLAINT
WITH PRAYER FOR
MARITIME ATTACHMENT**

Plaintiffs through their attorney KINGSLEY & KINGSLEY allege for their

complaint herein:

1. This is a claim under the Court's Admiralty and Maritime jurisdiction with

respect to the carriage of goods by water, and under the Federal question jurisdiction

under the Interstate Commerce Act, and Court's diversity and pendent jurisdiction with

respect to the remaining aspects of the claim.

2. Plaintiffs are the owners or duly authorized representatives of the owners or

underwriters or subrogated underwriters of cargo shipped on board the captioned vessel

which is more particularly described in Schedule A hereto, and for which bills of lading

were issued.

3. Defendants were vessel owners, suppliers, sellers, shippers, inspectors, managers, operators, charterers, freight forwarders, stevedores, terminal operators, common carriers by water and by land, bailees for hire, insurers and sureties with respect to the cargo described in Schedule A hereto which was sold, shipped, inspected, carried, kept, discharged and delivered from the captioned vessel, inland conveyances, terminals and warehouses by defendants.

4. The cargo described in Schedule A was lost and damaged by defendants due to the fault, neglect, deviation, unseaworthiness, maritime tort, tortious interference with contract, breach of warranty, sinking, stranding, salvage expenses, general average and conversion of defendants, their agents and servants, and delivered by defendants in non-conforming and contaminated condition, mis-delivered and non-delivered.

5. The vessel is now or will be during the pendency of this action within the jurisdiction of this Honorable Court.

6. Plaintiffs' sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

7. If this claim is subject to Arbitration then plaintiffs hereby demand such Arbitration and appoint Lucienne C. Bulow of New York City as arbitrator thereof.

8. Plaintiff's' damages are in excess of $15,408.41.

9. After diligent search the undersigned attorney is unable to

2

locate any agents for service of process upon defendants in this district, but plaintiff believes there are properties, debts, credits, freights and bank accounts in this district which may be attached pursuant to Admiralty Rule B.

WHEREFORE, plaintiffs demand judgment in an amount exceeding $15,408.41 plus interest and costs, and pray the Court to issue its process against the aforesaid defendants and vessel, and to issue its process of maritime attachment against the property of defendants in this district pursuant to Admiralty Rule B.

Dated: November 18, 2013

KINGSLEY & KINGSLEY
Attorneys for Plaintiff

BY: _____
HAROLD M. KINGSLEY
91 West Cherry Street
Hicksville, New York 11801
(516) 931-0064
hmk@kingsleyandkingsley.com

SCHEDULE A

OUR REF:                          TY8239

VESSEL:                           M/V DK INITIO

PORTS:                            BAYUQUAN/HOUSTON

BILLS OF LADING:                  DBIA1201DIBYQ002

DATED:                            DECEMBER 25, 2012

DESCRIPTION OF CARGO:             STEEL PIPE

AMOUNT:                           $15,408.41

## VERIFICATION

Harold M. Kingsley, the undersigned, an attorney admitted to practice in the courts of the state of New York , state that I am the attorney of record for THYSSENKRUPP MATERIALS NA, INC., in the within action; I have read the foregoing Complaint and know the contents thereof; and I declare and affirm under penalties of perjury that the same is true to my knowledge based on documents in my file, on information and belief, and which I believe to be true.

The reason this Verification is made by the undersigned and not by an officer of THYSSENKRUPP MATERIALS NA, INC., is that there are no officers now present in Nassau County where affiant has his office.

Dated: November 18, 2013

HAROLD M. KINGSLEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A
CIVIL CASE BY A UNITED STATES MAGISTRATE

In accordance with the provisions of 28 U. S. C., Sec. 636 (c), you are hereby notified that the United States Magistrate of this District Court, in addition to their other duties; may, upon the consent of all the parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgment. Copies of appropriate consent forms, for this purpose are available from the clerk of the court.*

You should be aware that your decision to consent, or not to consent, to the referral of your case to a United States Magistrate for disposition is entirely voluntary and should be communicated solely to the clerk of the District Court. Only if all the parties to the case consent to the reference to a Magistrate will either the Judge or Magistrate to whom the case has been assigned be informed of your decision. The district judge to whom your case is assigned must approve the reference of the case to a Magistrate for disposition.

An appeal from a judgment entered by a Magistrate may be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a District Court. 28 U. S. C., Sec. 6361 (c) (4). Cases in which an appeal is taken to the District Court may be reviewed by the Court of Appeals with leave of the latter court. 28 U. S. C., Sec. 636 (c) (5). Copies of the consent forms for appeals to the District Court are available from the clerk of the court.*

*Room 14 (A), Lower Lobby.